**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FRANK PLACENCIA, MD and JENNIFER LEIGH GARDNER,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CASE NO. 4:16-cv-01000** |
| **ALLSTATE INSURANCE COMPANY and TERRI NAVA, a/k/a TERRI PRESTON** | § | |
| **Defendants.** | § | |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, Allstate Insurance Company ("Allstate"), a Write-Your-Own ("WYO") Program carrier[1] participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended, and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] As discussed herein, Plaintiffs' lawsuit may only be addressed in federal court, regardless of the amount in controversy, as Plaintiffs have succinctly placed at issue matters exclusively regulated by FEMA under authority of the Congress pursuant to 42 U.S.C. § 4013(a). Allstate, therefore, files this Notice of Removal removing this matter from 133rd Judicial District Court of Harris County, Texas to the docket of this Honorable Court. An index of documents being filed contemporaneously with this Notice is attached as Exhibit A. Allstate would respectfully show as follows:

---

[1] 42 U.S.C. § 4001, *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

1. On or about February 5, 2016, Plaintiffs, Frank Placencia, MD and Jennifer Leigh Gardner, filed a lawsuit against Allstate Insurance Company in the 133rd Judicial District Court of Harris County, Texas bearing Cause No. 2016-07823 and styled *Frank Placencia, MD and Jennifer Leigh Gardner v. Allstate Insurance Company and Terri Nava, a/k/a/* [sic] *Terri Preston*. *See* Exhibit B (certified copy of the state court file and all pleadings served to date).

2. Allstate hereby removes this case from the 133rd Judicial District Court of Harris County, Texas to this Court pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Arts. VII(R), IX; 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. § 1367; and 28 U.S.C. § 1441(c).

**A. REVIEW OF PLAINTIFFS' PETITION FOR DAMAGES**

3. In the first unnumbered paragraph of Plaintiffs' Original Petition ("Petition"), Plaintiffs name Allstate as a defendant in this matter.

4. At page two of Plaintiffs' Petition, Plaintiffs allege that "[t]his lawsuit arises as a result of the torrential rain that hit Houston over Memorial Day Weekend, 2015."

5. At page two of Plaintiffs' Petition, Plaintiffs allege that they purchased a flood insurance policy from Allstate.

6. At page three of Plaintiffs' Petition, Plaintiffs allege that the limits of coverage of their flood policy were unilaterally reduced in May, 2014.

7. At page three of Plaintiffs' Petition, Plaintiffs allege that they were informed that their limits were reduced due to the "Flood Insurance Affordability Act."

8. At page three of Plaintiffs' Petition, Plaintiffs again allege that their limits of coverage under their flood policy were reduced and that it was expected that the limit would be raised.

9. At page four of Plaintiffs' Petition, Plaintiffs allege that their insured property suffered flood damage.

10. At page four of Plaintiffs' Petition, Plaintiffs allege that their flood policy had reduced coverage of $23,100 for building and $9,200 for contents.

11. At pages four and five of Plaintiffs' Petition, Plaintiffs allege that various representations were made as to the limits of coverage under their flood policy.

12. At pages five and six of Plaintiffs' Petition, Plaintiffs allege Allstate is subject to Texas state law regarding its duty to Plaintiffs and that representations were made to Plaintiffs for which they reasonably relied.

13. At pages six and seven of Plaintiffs' Petition, Plaintiffs allege additional state-law based theories based upon alleged representations made to Plaintiffs as well as breach of contract for Allstate's alleged failure to "maintain" Plaintiffs' flood policy "in the correct amounts."

**B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

14. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically, the Federal Emergency Management Agency ("FEMA"). *See* 44 C.F.R. § 4013(a).

15. The WYO Program carrier is authorized to issue the SFIP on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA set forth at 44 C.F.R. Pt. 62, App. A.

16. The WYO Program carrier cannot waive, alter, or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d); 44 C.F.R. Pt. 61, App. A(1), Art. VII(D) (2007 – 2011

editions). Further, no one has the authority tailor or alter NFIP policies backed by the government. 44 C.F.R. § 62.23.

17. The WYO Program carrier's role, as set forth in the Arrangement, is to *market, sell, and administer* SFIP policies, as well as handle claims under SFIPs that it is authorized to issue on behalf of the federal government. To this end, FEMA recently issued a bulletin clarifying its long standing position as to its program that *all* claims regarding the SFIP, from the initial sale forward, are governed solely by federal law. It is clear that Allstate, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

18. All flood claim payments made by a WYO Program carrier, such as Allstate, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.[4] The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955 (citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987)). The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001). Additionally, the cost of litigation arising from Plaintiffs' claims, including damage awards relating to the marketing, sales, and administration of the SFIP, is compensated by the NFIP.[5]

19. Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers. In the revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims handling, policy sales

---

[4] *See also* 44 C.F.R. Pt. 62, App. A, Art. III(D)(1) – (3).

[5] 44 C.F.R. § 62.23(i)(6); 44 C.F.R. Pt. 62, App. A, Art. III(D)(2).

and administration are performed by the WYO Program carriers: (a) in their fiduciary capacity to the government; (b) utilizing federal funds; and (c) governed by extensive federal regulations.

20. Moreover, FEMA stated its view that "any" such litigation states a federal question. *Id*. Each of these points is now clearly stated within the revised Arrangement:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question

44 C.F.R. Pt. 62, App. A, Article I ("Findings, Purpose, and Authority").

21. The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law—not state law:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978).

**C. FEDERAL JURISDICTION**

**(1) 42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

22. 42 U.S.C. § 4072 conveys "original exclusive" jurisdiction over claims involving administration of matters under the SFIP. *See C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 267 n.4 (3d Cir. 2004).

23. Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that all disputes "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Allstate is not suggesting that jurisdiction can be created by contract but is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

24. Plaintiffs in this matter have pled that Allstate breached a duty under state law to maintain Plaintiffs' NFIP SFIP. Plaintiffs' claims specifically allege actions by Allstate in the course of Plaintiffs' *active* SFIP and precisely place Allstate's standard of care in the "administration" of Plaintiffs' SFIP at issue. As such "claims" are governed exclusively by federal law, and jurisdiction over this matter is exclusive to this Honorable Court.

**(2) 28 U.S.C. § 1331 – Federal Question Jurisdiction**

25. The SFIP itself is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq*.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Art. IX. The federal regulations governing Allstate's fiduciary duties to FEMA and the NFIP, promulgated by FEMA under authority of 42 U.S.C. §4013(a), are found at 44 C.F.R. §59.1 *et seq*. Because these regulations must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331.

26. The SFIP is a federal regulation. The process of determining eligibility for the issuance of an SFIP and for maintaining the SFIP is governed exclusively by FEMA. Necessarily, the interpretation of the SFIP and FEMA regulations to determine whether Allstate breached a standard of care imposed by FEMA would require the interpretation of the NFIA and the federal regulations imposed by FEMA, *i.e.*, a federal question. *Any* address of the WYO Program carrier's interpretation of NFIP rules, regulations, and statutes regarding the sale and administration of an SFIP gives rise to federal question. *See* 44 C.F.R. Pt. 62, App A, Art. I. Thus, there is federal question jurisdiction under 28 U.S.C. § 1331, and the case is removable pursuant to 28 U.S.C. § 1441(a) and (c).

27. Plaintiffs allege Allstate breached a standard of care in the course of Plaintiffs' existing SFIP. Each of Plaintiffs' allegations assert federal questions regarding the WYO Program carrier's administration of Plaintiffs' SFIP. Further, as discussed herein, any payment or award of damages to Plaintiffs would be a "direct charge on the public treasury" and "binding" upon the federal government. *Gowland*, 143 F.3d at 955; 44 C.F.R. Pt. 62, App. A, Art. II(F); 44 C.F.R. §62.23(i)(6); 44 C.F.R. Pt. 62, App. A, Art. III(D)(2). Therefore, this case is taking place entirely at the expense of the U.S. Treasury.

28. Pursuant to 28 U.S.C. § 1331 and by operation of 28 U.S.C. § 1441(a) and (c), Allstate asserts that there are multiple federal questions presented within Plaintiffs' Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

**(3) U.S. Treasury Funds Are at Stake**

29. Whether or not Allstate breached a standard of care in this case, Allstate's role as a WYO Program carrier takes place as the fiscal agent of the United States. *See* 42 U.S.C. § 4071(a)(1); 44 C.F.R. Pt. 62, App. A, Art. III. NFIP claims are funded by the U.S. Treasury.

*Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005); *Wright v. Allstate*, 415 F.3d 384, 386 (5th Cir. 2005); *Gowland*, 143 F.3d at 955; *see also Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 519-520 (6th Cir. 2008).  FEMA's regulations make clear that payments made by the WYO carriers "shall be binding upon the FIA."  44 C.F.R. § 62.23(i)(1).  FEMA's "Arrangement" with the WYO Program companies, such as Allstate, also makes clear that federal funds are utilized to pay the claims directly and not through a reimbursement mechanism.  *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D)(1), IV(A); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n.10 (9th Cir. 2000).

30. Regarding the instant case, FEMA's Arrangement with the WYO Program carriers establishes that all of Allstate's defense costs will be paid by the Program if litigation arises.  44 C.F.R. Pt. 62, App. A, Arts. III(C)(3), III(D)(2); *see also* 44 C.F.R. Pt. 62.23(i)(b), (9); *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001).

31. In addition to the foregoing, the scope of the Arrangement between the United States government and Allstate includes the "selling and administering" of standard flood insurance policies with federal funds.  44 C.F.R. Pt. 62, App. A, Art. I(5), (6).  As Allstate has engaged in these activities "in a fiduciary capacity," all of Allstate's activities are "extensively regulated . . . when selling or administering the Standard Flood Insurance Policy."  *Id*.  These points are further made clear by Arrangement Articles II(A), (D), and (G).  Therefore, in accord with the terms of the Arrangement at Article II(D)(2), litigation expenses are born by the U.S. Treasury.

32. Finally, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies.  *See Grissom v. Liberty Mut. Fire Ins.*

*Co.*, 678 F.3d 397, 402 (5th Cir. 2012). There is, therefore, no question that federal funds are at stake in the selling and marketing and issuance of SFIPs.

**D. FEDERAL JURISDICTION EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE.**

33. Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. 28 U.S.C. § 1337 is not subject to the well-pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the pleading. *Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

34. Clearly, under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq*., Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act:

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq*., grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that '[t]he word 'relates' is highly general.'' *Id*. at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*C.E.R. 1988*, 386 F.3d at 267 n.3 (alterations from original).

35. Beyond the general proposition that the NFIA regulates commerce, it is also clear that, in a more particularized sense, the Act expressly regulates the subjects of claims, claims handling, as well as "the conditions of insurability." *See, e.g.*, 42 U.S.C. §§ 4013, 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in Plaintiffs' Petition, and removal is proper pursuant to 28 U.S.C. § 1337.

**E. SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.**

36. To the extent that any of Plaintiffs' claims are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557 (2005).

37. Claims put at issue in Plaintiffs' Complaint arise from alleged misrepresentations made by Allstate during the application for Plaintiffs' SFIP and after the issuance of Plaintiffs' SFIP. As such, all of Plaintiffs' claims arise from the same nucleus of operative fact: the alleged breach of a standard of care in Plaintiffs' application for an SFIP and after issuance of the SFIP. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state-law claims to the extent that such claims are viable in the context of a federal insurance program.

**F. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

38. Upon information and belief, this matter was filed in the District Court of Harris County, Texas on February 5, 2016. Plaintiffs served Allstate on or about March 15, 2016. Removal of this lawsuit has, therefore, been filed within the 30-days delay allowed by law.

39. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

40. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Allstate to date.

41. Although jurisdiction of this Court is not based solely on diversity of citizenship, Defendant, Terri Nava a/k/a Terri Preston consents to this removal.

**CONCLUSION**

WHEREFORE, Defendant, Allstate Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: April 13, 2016

**BAKER & HOSTETLER LLP**

By: */s/ Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Federal ID No. 19437
Bradley K. Jones
State Bar No. 24060041
Federal ID No. 931122
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
E-mail: ddarche@bakerlaw.com
bkjones@bakerlaw.com

AND

**NIELSEN, CARTER & TREAS, L.L.C.**
Joseph J. Aguda, Jr.
LA. S.B. 27762
3838 North Causeway Blvd., Suite 2850
Metairie, LA 70002
Tel.: 504-837-2500
Fax: 504-832-9165
Email: jaguda@nct-law.com

**COUNSEL FOR DEFENDANT,**
**ALLSTATE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of April, 2016 a true and correct copy of the foregoing document has been served on all counsel of record via certified mail, return receipt requested.

R. Tate Young
Tate Young Law Firm
1177 West Loop S, Suite1600
Houston, TX 77027
Counsel for Plaintiffs

*/s/ Bradley K. Jones*
Bradley K. Jones