2/29/2016 4:17:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9357079
By: Shanelle Taylor
Filed: 2/29/2016 4:17:04 PM

# R. Tate Young
## *Tate Young Law Firm*

__Admitted to Practice: Louisiana and Texas__         __Tel: (713) 626-7112  Fax: (713) 626-7113__

1177 West Loop South, Suite 1600, Houston, TX 77027         Email:    tyoung@tateyounglawfirm.com

Website: http://tateyounglawfirm.com

February 29, 2016

__Via E-Filing__
Harris County District Clerk
Civil Service Requests
P.O. Box 4651
Houston, Texas 77210

Re:   Cause No. 2016-07823; Franck Placencia, MD and Jennifer Leigh Gardner v Allstate Insurance Company and Terri Nava, aka Terri Preston; In the 133rd District Court Harris County Texas.

Dear Clerk:

Please charge our account for service packets for Defendants Allstate Insurance Company and Terri Nana aka Terri Preston and for applicable copies.

If you need anything else in this regard, please have your staff contact me.

Very Truly Yours,

*Debbie Erickson*

Debbie Erickson, legal assistant
Tate Young Law Firm

**Debbie Erickson**

| | |
|---|---|
| **From:** | MyFileRunner <no-reply@myfilerunner.com> |
| **Sent:** | Monday, February 8, 2016 1:11 PM |
| **To:** | legalassistant@tateyounglawfirm.com |
| **Subject:** | Accepted: Notification of Accepted Filing for Env no. 8995542 |

**Flag Status:**     Flagged

Dear Debbie Erickson,

The following filing has been Accepted by the Clerk:

Date: 02/08/16 1:11:24 PM
Envelope #: 8995542
Location: Harris District Clerk
Case #: 201607823
Case Name: FRANK PLACENCIA, MD AND JENNIFER LEIGH GARDNER V ALLSTATE INSURANCE
COMPANY AND TERRI NAVA, AKA TERRI PRESTON
Filing Type: Plaintiffs' Original Petition and Request for Disclosures
Client Matter: Placencia
Placencia Petition.pdf/CT Civil Process Request Form.pdf/Civil Case Information Sheet.pdf/Civil Process
Request Form.pdf
Total Fees: $278.32

Do not reply to this email. This message was automatically generated by MyFileRunner. If you need technical
assistance, please contact our Customer Support Team at support@myfilerunner.com or 1-800-908-5110.


Sincerely,

**MyFileRunner Customer Support Team**
6500 River Place Boulevard
Building 7, Suite 250
Austin, TX 78730
Tel: 512-266-7182
Toll Free: 800-908-5110
Email: support@myfilerunner.com
web: www.myfilerunner.com

Certified Document Number: 69193177 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 11, 2016

Certified Document Number:        69193177 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO._____

| | | |
|---|---|---|
| FRANK PLACENCIA, MD and | § | IN THE DISTRICT COURT OF |
| JENNIFER LEIGH GARDNER | § | |
| | § | |
| **Plaintiffs** | § | HARRIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | _____JUDICIAL DISTRICT |
| and TERRI NAVA, a/k/a/ | § | |
| TERRI PRESTON | § | |
| | § | |
| **Defendants** | § | |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST
FOR DISCLOSURES**

Comes now, Frank Placencia, MD and Jennifer Leigh Gardner (the Placencias) and file this their Plaintiffs' Original Petition and Request for Disclosures complaining of Allstate Insurance Company and Terri Nava, a/k/a Terri Preston, and would show as follows:

**DISCOVERY**

This lawsuit is filed under Rule 190.3 of the Texas Rules of Civil Procedure and Plaintiffs intend to conduct discovery as a Level 2 case. Plaintiffs seek monetary relief in excess of $100,000.

**THE PARTIES**

The Placencias are husband and wife and are residents of Harris County, Texas. They are the owners of the real property and improvements thereon located at 5211 S. Braeswood Blvd., Houston, Texas 77096 (the Property)

Certified Document Number: 68891108 - Page 1 of 8

1

The defendant Allstate Insurance Company (Allstate) is an insurance company. It may be served by and through its registered agent for service of process: CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

The defendant Terri Nava a/k/a Terri Preston (Nava) is an individual with her principal place of business in Houston, Harris County, Texas. She may be served at her place of business at 12727 Featherwood Street, No. 280, Houston, Texas 77034.

## FACTUAL BACKGROUND

This lawsuit arises as a result of the torrential rain that hit Houston over Memorial Day Weekend, 2015. The Placencias have owned and resided in the Property for several years at the time of the damage. They had financed the purchase of the Property through non-party Wells Fargo bank. At all pertinent times to this lawsuit, Nava was acting on her own behalf as well as that of Allstate.

Defendant Nava is a licensed insurance agent for defendant Allstate and have been the Placencias' insurance agent for many years as of the Spring of 2015. As such, the Placencias had purchased various policies from Allstate through Nava including flood, homeowner's, automobile and a personal umbrella policy. They had entrusted Nava and Allstate to recommend and advise them on the most appropriate insurance policy to fit their particular needs. Prior to their moving into the Property, they asked Nava to provide both traditional homeowners' insurance as well as flood insurance (structural and contents). The Placencias obtained a $250K structural coverage policy as well as coverage for their personal property of $100K. The lender, Wells Fargo, required a minimum of the $250K structural coverage since it was the mortgagee on the Property and held a deed of trust lien on the Property.

Certified Document Number: 68891108 - Page 2 of 8

In late May of 2014, both the contents and structural amounts of the policy were unilaterally reduced to a lower amount, unbeknownst to the Placencias. This, in turn, triggered Wells Fargo purchasing a "gap" policy to raise the structural coverage to at least the minimum of $250K. When the Placencias discovered this fact, they contacted Nava as to what happened and she told them that the unilateral reduction in coverage was a result of the "Flood Insurance Affordability Act" (Act). As is typical when "gap" insurance is procured by the lender, the premiums are extremely high and are then charged back to the mortgagors (i.e., the Placencias).

The defendants—through Nava--told the Placencias to obtain some new photographs of the Property and an elevation certificate, which they did and sent to her. On August 22, 2014, the defendants informed the Placencias that both the structural and contents coverage had indeed been reduced. On September 12, 2014, Nava informed Dr. Placencia that the maximum coverage ($250K and $100K) should be reinstated by October 1, 2014. On the 3rd, Dr. Placencia emailed Nava again to inquire that the $250/100K amounts of coverage were then in force. She responded that it was still in process and did not inform him that he needed to provide any other information or paperwork. The Placencias naturally assumed they had the full, original coverage of $250K for structure and $100K for personal contents.

However, in April, 2015, the Placencias received a second notice from Wells Fargo stating that their flood insurance had lapsed due to non-payment. Dr. Placencia immediately emailed Nava about this latest issue and, on April 16, 2015, she emailed him back and assured him that the flood insurance renewal premium had been paid indicating that the coverage was for the intended $250K and $100K amounts. She further wrote that after confirming the policy, she would contact the mortgage company (Wells Fargo) to determine the source of the confusion. Thus, relying upon the

Certified Document Number: 68891108 - Page 3 of 8

3

representations of Nava and Allstate, the Placencias naturally believed that their flood insurance for $250K structure and $100K contents coverage was in full force and effect.

As a result of the recent flooding over Memorial Day Weekend, 2015, the home on the Property suffered major damage as well as the Placencias' personal effects such as furniture and clothes. When Dr. Placencia contacted Allstate to make a claim, he was informed that there was coverage for only $23,100 for the home itself and only $9,200 for the contents. This, of course, shocked the Placencias since it had been represented to them that they had the coverage for $250K structure and $100K for contents. They contacted Wells Fargo and were informed that indeed it had bought another "gap" policy for the minimum amounts. On May 27th, Dr. Placencia called Nava to speak with her but could only reach her assistant "Denise". Dr. Placencia explained the situation to Denise and she promised to look into it.

Denise called Dr. Placencia back that afternoon and told him that "we [Allstate/Nava] found the mistake" and that they had an "E and O policy for these situations," meaning that Nava and/or Allstate carry what is commonly referred to as 'malpractice" insurance to cover these types of situations when they or their agents are negligent. When asked by Dr. Placencia asked if this [malpractice] policy would ensure that they would be covered for the $250K/$100K respectively, Denise indicated that yes, it would.

Curiously, Nava called the Placencias the next day, May 28th and told them that the blame was with the underwriters/FEMA/Allstate and to, some degree, with Dr. Placencia. Nava told him that she was working with some sort of "advocate" to try and convince the underwriting personnel that the coverage should be in the larger amounts. Even more curiously, when Dr. Placencia confronted Nava with what her own assistant Denise had told him the day before that the mistake was with Nava's office/Allstate, Nava replied rather curtly that "She should never have said that."

4

Certified Document Number: 68891108 - Page 4 of 8

Nava informed the Placencias on May 29th that they should have a final response from underwriting by June 2nd. On that day, Nava called the Placencias and informed them that the underwriting department had made a decision and that neither the $250K structure nor the $100K contents coverage would be reinstated. She denied any responsibility in the foregoing events and gave a half-hearted and factually incorrect explanation for what Denise had previously told Dr. Placencia—even though Nava was not even a part of the phone conversation at that time. Clearly, Nava has tried to circle the wagons and failed to accept any responsibility for her and Allstate's conduct.

## CAUSES OF ACTION

As a result of the acts and omissions of acts of Nava and Allstate, the Placencias have suffered damages that they would not have incurred if both Nava and Allstate had performed their respective duties to them.

Under §4001.051(b) of the Texas Insurance Code, Nava is an agent of Allstate and, as such, any notice given by the Placencias to her of the claim is deemed notice to Allstate as well.

1. Breach of Duty of Good Faith

The acts and omissions of acts by Allstate and Nava constitute a breach of the duty of good faith. By allowing the $250K and $100K coverages to lapse, misrepresenting to the Placencias that those amounts were in force and effect and not taking the proper steps to make sure they were in place constitutes bad faith and subjects both defendants to actual damages as well as extracontractual damages. Under the circumstances of this set of facts, the Placencias also seek exemplary damages as well.

2. Promissory Estoppel

Certified Document Number: 68891108 - Page 5 of 8

The defendants made representations to the Placencias upon which they reasonably and substantially relied to their detriment. It was certainly forseeable to the defendants that the Placencias would rely upon the statements and representations that the defendants made. Injustice can only be avoided by enforcing the defendants' representations that the full insurance coverage for both the property and contents were in effect. Plaintiffs sue defendants, jointly and severally, for the resulting damages.

### 3. Negligent Misrepresentation

The Placencias would show that the defendants represented to them that they had the full coverage for both the property and contents coverage. This representation was made in the course of the defendants' business and in which both defendants had an interest in the transaction. The defendants did not exercise reasonable care or competence when making the representations to the Placencias and the Placencias justifiably relied upon the representations and the defendants' representations proximately caused damages. Thus, the Placencias sue the defendants jointly and severally for their damages.

### 4. Chapter 541 of the Texas Insurance Code

The conduct of the defendants also constitute a violation of Chapter 541 of the Texas Insurance Code entitling the Placencias to all damages allowed thereunder and thus sues both defendants, jointly and severally, for such violations.

### 5. Breach of Contract

The Placencias would show that the acts and omissions of acts by defendant Allstate constitutes a breach of contract by failing to obtain and maintain the property and contents policies

Certified Document Number: 68891108 - Page 6 of 8

in the correct amounts. Such breach has caused damages as set forth below. Placencias sue Allstate for such breach.

6.  Violations of the Deceptive Trade Practices Act

The Placencias are "consumers" as that term is defined in §17.45(4) of the Texas Deceptive Trade Practices Act (DTPA) §17.41 *et. seq.* of the Texas Business & Commerce Code. The acts and omission of acts were a producing cause of damages to the Placencias.

The acts and omissions of acts described above constitute violations of §17.46(b)(2),(3),(5)(7). They also violate §17.50(a)(1), (3) and (4). The Placencia's are entitled to recover their economic damages consisting of the out pocket losses they will have to personally bear over and above the lower limits of the actual policy in place, plus reasonable consequential damages. In addition, under §17.50(d), they are also entitled to recover their reasonable and necessary attorneys' fees to date which total $6,000.00  The total of damages thus far, including attorneys' fees, as follows:

| | |
|---|---|
| Difference in the $100K coverage and the actual contents coverage: | $90,800.00 |
| Damages resulting from delays in dealing with two insurance Companies instead of only one: | 10,000.00 |
| Lost income of Dr. Placencia for not being able to work night shifts At Texas Children's Hospital: $1,725/week for 6 weeks: | 10,350.00 |
| **Total actual and economic damages:** | **$111,150.00** |

### ATTORNEYS' FEES

Under the Texas Insurance Code, Chapter 38 of the Texas Civil Practice and Remedies Code and §17.50(d) of the DTPA, the Placencias sue for the recovery of their reasonable and necessary attorneys' fees and expenses against the defendants.

Certified Document Number: 68891108 - Page 7 of 8

## EXEMPLARY DAMAGES

The plaintiffs would show that the conduct of the defendants was of such a nature as to warrant the imposition of exemplary damages in the amount not to exceed twice the amount of actual damages.

## RULE 194 REQUEST FOR DISCLOSURES

Under Rule 194 of the Texas Rules of Civil Procedure, plaintiffs request that each defendant respond to the items (a) through (l).

WHEREFORE, PREMISES CONSIDERED, plaintiffs Frank Placencia and Jennifer Leigh Gardner pray that the defendants be cited to appear and answer herein, that upon final trial hereof, that the plaintiffs have and recover their actual damages, consequential damages, punitive damages and attorneys' fees from and against both defendants, jointly and severally, that plaintiffs be awarded all pre and post judgment interest at the highest lawful rate and that they have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,


/s/ R. Tate Young
**R. TATE YOUNG**
**Tate Young Law Firm**
SBN: 22207100
1177 West Loop S, Suite 1600
Houston, Texas 77027
Tel: (713) 626-7112
Fax: (713) 626-7113
Email: tyoung@tateyounglawfirm.com
Counsel for Plaintiffs

Certified Document Number: 68891108 - Page 8 of 8



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 11, 2016

Certified Document Number:        68891108 Total Pages:  8

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/8/2016 9:00:10 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 8995542
By: ANDERSON, SARAH A
Filed: 2/5/2016 3:43:40 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED FRANK PLACENCIA, MD AND JENNIFER LEIGH GARDNER V ALLSTATE INSURANCE COMPANY AND TERRI NAVA, AKA TERRI PRESTON

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Tate Young Law Firm  Email: tyoung@tateyounglawfirm.com | Plaintiff(s)/Petitioner(s): FRANK PLACENCIA, MD AND JENNIFER LEIGH GARDNER | ☒Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: 1177 West Loop S. Ste 1600  Telephone: 713-626-7112 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, TX 77027  Fax: 713-626-7113 | Defendant(s)/Respondent(s): ALLSTATE INSURANCE COMPANY AND TERRI NAVA, AKA TERRI PRESTON | Custodial Parent: |
| Signature:  State Bar No: 22207100 | | Non-Custodial Parent:  Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☒Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☒Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ___ ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order  **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Paternity/Parentage ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

Certified Document Number: 68891110 - Page 1 of 2

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought (*do not select if it is a family law case*):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 11, 2016

Certified Document Number:        68891110 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/8/2016 9:00:10 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 8995542
By: ANDERSON, SARAH A
Filed: 2/5/2016 3:43:40 PM

# CIVIL PROCESS REQUEST FORM

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY TO BE SERVED FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |
|---|

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition_____

**FILE DATE OF MOTION:** 2/5/16 _____
                                                        Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: Allstate Insurance Company _____

    ADDRESS: _____

    AGENT, (*if applicable*): CT Corporation 1999 Bryan Street, Suite 900, Dallas, Texas 75201 _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):

   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____
   ☐ **MAIL**                                ☒ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
        Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                                ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER,** *explain* _____

**ATTENTION:  Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

2.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

   **SERVICE BY** (*check one*):

   ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
   ☐ **CIVIL PROCESS SERVER** -  Authorized Person to Pick-up: _____  Phone: _____
   ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
   ☐ **PUBLICATION:**
        Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                                ☐ **NEWSPAPER OF YOUR CHOICE:** _____
   ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _____Tate Young_____  TEXAS BAR NO./ID NO. 22207100 _____

MAILING ADDRESS: 1177 West Loop South Suite 1600 Houston Texas 77027 _____

PHONE NUMBER: 713 _____ 626-7112 _____  FAX NUMBER: 713 _____ 626-7113 _____
                        area code        phone number                                area code       fax number

EMAIL ADDRESS: tyoung@tateyounglawfirm.com _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                                    Rev. 5/7/10

Certified Document Number: 68891109 - Page 1 of 2

> SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

**ORIGINAL PETITION**
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

**COUNTERCLAIM**
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

**CROSS-ACTION:**
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

**THIRD-PARTY PETITION:**
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

**INTERVENTION:**
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

**INTERPLEADER**
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

**INJUNCTION**

**MOTION TO MODIFY**

**SHOW CAUSE ORDER**

**TEMPORARY RESTRAINING ORDER**

**BILL OF DISCOVERY:**

ORDER TO: _____
                    (specify)

MOTION TO: _____
                      (specify)

**PROCESS TYPES:**

**NON WRIT:**
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

**WRITS:**
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Certified Document Number: 68891109 - Page 2 of 2

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form
Rev. 5/7/10



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 11, 2016

Certified Document Number:        68891109 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/8/2016 9:00:10 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 8995542
By: ANDERSON, SARAH A
Filed: 2/5/2016 3:43:40 PM

# CIVIL PROCESS REQUEST FORM

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING PER PARTY TO BE SERVED
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Original Petition _____

**FILE DATE OF MOTION:** 2/5/16 _____
                                                Month/        Day/        Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: Terri Nava aka Terri Preston _____

    ADDRESS: 12727 Fetherwood Street, No. 280, Houston, Texas 77034 _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL**                                ☒ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTENTION: Effective June 1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

*******************************************************************************************

2.  NAME: _____

    ADDRESS: _____

    AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
    Type of Publication:    ☐ **COURTHOUSE DOOR, or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _____ Tate Young _____    TEXAS BAR NO./ID NO. 22207100 _____

MAILING ADDRESS: 1177 West Loop South Suite 1600 Houston Texas 77027 _____

PHONE NUMBER: 713 _____ 626-7112 _____    FAX NUMBER: 713 _____ 626-7113 _____
                area code    phone number                        area code    fax number

EMAIL ADDRESS: tyoung@tateyounglawfirm.com _____

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

Certified Document Number: 68891111 - Page 1 of 2

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

**PROCESS TYPES:**

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Certified Document Number: 68891111 - Page 2 of 2

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form          Rev. 5/7/10



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 11, 2016

Certified Document Number:        68891111 Total Pages: 2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

 CT Corporation

**Service of Process Transmittal**
03/28/2016
CT Log Number 528895475

TO:     L&R Home Office Intake Unit
        Allstate Insurance Company
        2775 Sanders Rd # A2W
        Northbrook, IL 60062-6110

RE:     **Process Served in Texas**

FOR:    Allstate Insurance Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frank Placencia, MD and Jennifer Leigh Gardner, Pltfs. vs. Allstate Insurance Company and Terri Nava, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Attachment |
| **COURT/AGENCY:** | 133rd Judicial District Court, Harris County, TX<br>Case # 201607823 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/28/2016 postmarked on 03/15/2016 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | R. Tate Young<br>Tate Young Law Firm<br>1177 West Loop South, Suite 1600<br>Houston, TX 77027<br>713-626-7112 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2016, Expected Purge Date: 04/03/2016<br><br>Image SOP<br><br>Email Notification,  Jessica Tortorello  jessica.tortorello@allstate.com<br><br>Email Notification,  Aspen Sprague  aspra@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**



**ALAN ROSEN, CONSTABLE**
HARRIS COUNTY CONSTABLE,
PRECINCT ONE
1302 PRESTON, SUITE 301
HOUSTON, TEXAS 77002

7013 2250 0002 1074 0420



U.S. POSTAGE ⪢ PITNEY BOWES

ZIP 77002 **$ 015.78⁰**
02 1W
0001371269 MAR 15 2016

addressee only, restricted delivery!

RETURN SERVICE REQUESTED

**ALLSTATE INSURANCE COMPANY**
**BY SERVING ITS REGIS. AGENT CT CORPORATION**
**1999 BRYAN STREET SUITE 900**
**DALLAS, TX 75201**

CAUSE# 201607823/1170

PLEASE
DO NOT FORWARD
ADDRESS LISTED ONLY!

7520183140 C005

**CERTIFIED MAIL BY CONSTABLE**

CAUSE NO. 201607823

RECEIPT NO.                    75.00          CO1
\*\*\*\*\*\*\*\*\*                          TR # 73222692

PLAINTIFF: PLACENCIA, FRANK MD                          In The  133rd
        vs.                                             Judicial District Court
DEFENDANT: ALLSTATE INSURANCE COMPANY                   of Harris County, Texas
                                                        133RD DISTRICT COURT
                                                        Houston, TX

                        CITATION (CERTIFIED)            Delivery this  MAR 15 2016
THE STATE OF TEXAS                                      ALAN ROSEN, Constable.
County of Harris                                        Precinct #1, Harris County
                                                        By _____ / c ¾
                                                                Deputy

TO: ALLSTATE INSURANCE COMPANY MAY BE SERVED BY SERVING ITS REGISTERED
    AGENT CT CORPORATION
    1999 BRYAN STREET SUITE 900  DALLAS TX 75201


        Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 5th day of February, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

        YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
        This citation was issued on 3rd day of March, 2016, under my hand and
seal of said Court.

Issued at request of:                   CHRIS DANIEL, District Clerk
YOUNG, R. TATE                          Harris County, Texas
1177 WEST LOOP SOUTH SUITE 1600         201 Caroline     Houston, Texas 77002
HOUSTON, TX 77027                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 626-7112
Bar No.: 22207100                       GENERATED BY: TAYLOR, SHANELLE L   3VT//10324189

───────────────────────────────────────────────────────────────────────────────────
                        CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:


_____          _____
                                      ADDRESS

_____          Service was executed in accordance with Rule 106(a)
ADDRESSEE                             (2) TRCP, upon the Defendant as evidenced by the
                                      return receipt incorporated herein and attached
                                      hereto at _____

                                      _____
                                      on _____ day of _____, _____
                                      by U.S. Postal delivery to _____

                                      _____

                                      This citation was not executed for the following
                                      reason: _____

                                      _____

                                      CHRIS DANIEL, District Clerk
                                      HARRIS COUNTY, T E X A S

                                      By _____, Deputy


N.INT.CITM.P

2/8/2016 9:00:10 AM
Chris Daniel - District Clerk Harris County
Envelope No. 8995542
By: Sarah Anderson
Filed: 2/5/2016 3:43:40 PM

# 2016-07823 / Court: 133

CAUSE NO._____

| | | |
|---|---|---|
| **FRANK PLACENCIA, MD and** | § | **IN THE DISTRICT COURT OF** |
| **JENNIFER LEIGH GARDNER** | § | |
| | § | |
| **Plaintiffs** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **v.** | § | |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | **_____JUDICIAL DISTRICT** |
| **and TERRI NAVA, a/k/a/** | § | |
| **TERRI PRESTON** | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST
## FOR DISCLOSURES

Comes now, Frank Placencia, MD and Jennifer Leigh Gardner (the Placencias) and file this their Plaintiffs' Original Petition and Request for Disclosures complaining of Allstate Insurance Company and Terri Nava, a/k/a Terri Preston, and would show as follows:

## DISCOVERY

This lawsuit is filed under Rule 190.3 of the Texas Rules of Civil Procedure and Plaintiffs intend to conduct discovery as a Level 2 case. Plaintiffs seek monetary relief in excess of $100,000.

## THE PARTIES

The Placencias are husband and wife and are residents of Harris County, Texas. They are the owners of the real property and improvements thereon located at 5211 S. Braeswood Blvd., Houston, Texas 77096 (the Property)

Certified Document Number: 68891108 - Page 1 of 8

1

The defendant Allstate Insurance Company (Allstate) is an insurance company. It may be served by and through its registered agent for service of process: CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

The defendant Terri Nava a/k/a Terri Preston (Nava) is an individual with her principal place of business in Houston, Harris County, Texas. She may be served at her place of business at 12727 Featherwood Street, No. 280, Houston, Texas 77034.

## FACTUAL BACKGROUND

This lawsuit arises as a result of the torrential rain that hit Houston over Memorial Day Weekend, 2015. The Placencias have owned and resided in the Property for several years at the time of the damage. They had financed the purchase of the Property through non-party Wells Fargo bank. At all pertinent times to this lawsuit, Nava was acting on her own behalf as well as that of Allstate.

Defendant Nava is a licensed insurance agent for defendant Allstate and have been the Placencias' insurance agent for many years as of the Spring of 2015. As such, the Placencias had purchased various policies from Allstate through Nava including flood, homeowner's, automobile and a personal umbrella policy. They had entrusted Nava and Allstate to recommend and advise them on the most appropriate insurance policy to fit their particular needs. Prior to their moving into the Property, they asked Nava to provide both traditional homeowners' insurance as well as flood insurance (structural and contents). The Placencias obtained a $250K structural coverage policy as well as coverage for their personal property of $100K. The lender, Wells Fargo, required a minimum of the $250K structural coverage since it was the mortgagee on the Property and held a deed of trust lien on the Property.

2

In late May of 2014, both the contents and structural amounts of the policy were unilaterally reduced to a lower amount, unbeknownst to the Placencias. This, in turn, triggered Wells Fargo purchasing a "gap" policy to raise the structural coverage to at least the minimum of $250K. When the Placencias discovered this fact, they contacted Nava as to what happened and she told them that the unilateral reduction in coverage was a result of the "Flood Insurance Affordability Act" (Act). As is typical when "gap" insurance is procured by the lender, the premiums are extremely high and are then charged back to the mortgagors (i.e., the Placencias).

The defendants—through Nava--told the Placencias to obtain some new photographs of the Property and an elevation certificate, which they did and sent to her. On August 22, 2014, the defendants informed the Placencias that both the structural and contents coverage had indeed been reduced. On September 12, 2014, Nava informed Dr. Placencia that the maximum coverage ($250K and $100K) should be reinstated by October 1, 2014. On the 3rd, Dr. Placencia emailed Nava again to inquire that the $250/100K amounts of coverage were then in force. She responded that it was still in process and did not inform him that he needed to provide any other information or paperwork. The Placencias naturally assumed they had the full, original coverage of $250K for structure and $100K for personal contents.

However, in April, 2015, the Placencias received a second notice from Wells Fargo stating that their flood insurance had lapsed due to non-payment. Dr. Placencia immediately emailed Nava about this latest issue and, on April 16, 2015, she emailed him back and assured him that the flood insurance renewal premium had been paid indicating that the coverage was for the intended $250K and $100K amounts. She further wrote that after confirming the policy, she would contact the mortgage company (Wells Fargo) to determine the source of the confusion. Thus, relying upon the

3

representations of Nava and Allstate, the Placencias naturally believed that their flood insurance for $250K structure and $100K contents coverage was in full force and effect.

As a result of the recent flooding over Memorial Day Weekend, 2015, the home on the Property suffered major damage as well as the Placencias' personal effects such as furniture and clothes. When Dr. Placencia contacted Allstate to make a claim, he was informed that there was coverage for only $23,100 for the home itself and only $9,200 for the contents. This, of course, shocked the Placencias since it had been represented to them that they had the coverage for $250K structure and $100K for contents. They contacted Wells Fargo and were informed that indeed it had bought another "gap" policy for the minimum amounts. On May 27th, Dr. Placencia called Nava to speak with her but could only reach her assistant "Denise". Dr. Placencia explained the situation to Denise and she promised to look into it.

Denise called Dr. Placencia back that afternoon and told him that "we [Allstate/Nava] found the mistake" and that they had an "E and O policy for these situations," meaning that Nava and/or Allstate carry what is commonly referred to as 'malpractice" insurance to cover these types of situations when they or their agents are negligent. When asked by Dr. Placencia asked if this [malpractice] policy would ensure that they would be covered for the $250K/$100K respectively, Denise indicated that yes, it would.

Curiously, Nava called the Placencias the next day, May 28th and told them that the blame was with the underwriters/FEMA/Allstate and to, some degree, with Dr. Placencia. Nava told him that she was working with some sort of "advocate" to try and convince the underwriting personnel that the coverage should be in the larger amounts. Even more curiously, when Dr. Placencia confronted Nava with what her own assistant Denise had told him the day before that the mistake was with Nava's office/Allstate, Nava replied rather curtly that "She should never have said that."

4

Nava informed the Placencias on May 29th that they should have a final response from underwriting by June 2nd. On that day, Nava called the Placencias and informed them that the underwriting department had made a decision and that neither the $250K structure nor the $100K contents coverage would be reinstated. She denied any responsibility in the foregoing events and gave a half-hearted and factually incorrect explanation for what Denise had previously told Dr. Placencia—even though Nava was not even a part of the phone conversation at that time. Clearly, Nava has tried to circle the wagons and failed to accept any responsibility for her and Allstate's conduct.

## CAUSES OF ACTION

As a result of the acts and omissions of acts of Nava and Allstate, the Placencias have suffered damages that they would not have incurred if both Nava and Allstate had performed their respective duties to them.

Under §4001.051(b) of the Texas Insurance Code, Nava is an agent of Allstate and, as such, any notice given by the Placencias to her of the claim is deemed notice to Allstate as well.

1. Breach of Duty of Good Faith

The acts and omissions of acts by Allstate and Nava constitute a breach of the duty of good faith. By allowing the $250K and $100K coverages to lapse, misrepresenting to the Placencias that those amounts were in force and effect and not taking the proper steps to make sure they were in place constitutes bad faith and subjects both defendants to actual damages as well as extracontractual damages. Under the circumstances of this set of facts, the Placencias also seek exemplary damages as well.

2. Promissory Estoppel

Certified Document Number: 68891108 - Page 5 of 8

5

The defendants made representations to the Placencias upon which they reasonably and substantially relied to their detriment. It was certainly forseeable to the defendants that the Placencias would rely upon the statements and representations that the defendants made. Injustice can only be avoided by enforcing the defendants' representations that the full insurance coverage for both the property and contents were in effect. Plaintiffs sue defendants, jointly and severally, for the resulting damages.

### 3. Negligent Misrepresentation

The Placencias would show that the defendants represented to them that they had the full coverage for both the property and contents coverage. This representation was made in the course of the defendants' business and in which both defendants had an interest in the transaction. The defendants did not exercise reasonable care or competence when making the representations to the Placencias and the Placencias justifiably relied upon the representations and the defendants' representations proximately caused damages. Thus, the Placencias sue the defendants jointly and severally for their damages.

### 4. Chapter 541 of the Texas Insurance Code

The conduct of the defendants also constitute a violation of Chapter 541 of the Texas Insurance Code entitling the Placencias to all damages allowed thereunder and thus sues both defendants, jointly and severally, for such violations.

### 5. Breach of Contract

The Placencias would show that the acts and omissions of acts by defendant Allstate constitutes a breach of contract by failing to obtain and maintain the property and contents policies

Certified Document Number: 68891108 - Page 6 of 8

in the correct amounts. Such breach has caused damages as set forth below. Placencias sue Allstate for such breach.

### 6. Violations of the Deceptive Trade Practices Act

The Placencias are "consumers" as that term is defined in §17.45(4) of the Texas Deceptive Trade Practices Act (DTPA) §17.41 *et. seq.* of the Texas Business & Commerce Code. The acts and omission of acts were a producing cause of damages to the Placencias.

The acts and omissions of acts described above constitute violations of §17.46(b)(2),(3),(5)(7). They also violate §17.50(a)(1), (3) and (4). The Placencia's are entitled to recover their economic damages consisting of the out pocket losses they will have to personally bear over and above the lower limits of the actual policy in place, plus reasonable consequential damages. In addition, under §17.50(d), they are also entitled to recover their reasonable and necessary attorneys' fees to date which total $6,000.00 The total of damages thus far, including attorneys' fees, as follows:

| | |
|---|---|
| Difference in the $100K coverage and the actual contents coverage: | $90,800.00 |
| Damages resulting from delays in dealing with two insurance Companies instead of only one: | 10,000.00 |
| Lost income of Dr. Placencia for not being able to work night shifts At Texas Children's Hospital: $1,725/week for 6 weeks: | 10,350.00 |
| **Total actual and economic damages:** | **$111,150.00** |

## ATTORNEYS' FEES

Under the Texas Insurance Code, Chapter 38 of the Texas Civil Practice and Remedies Code and §17.50(d) of the DTPA, the Placencias sue for the recovery of their reasonable and necessary attorneys' fees and expenses against the defendants.

7

## EXEMPLARY DAMAGES

The plaintiffs would show that the conduct of the defendants was of such a nature as to warrant the imposition of exemplary damages in the amount not to exceed twice the amount of actual damages.

## RULE 194 REQUEST FOR DISCLOSURES

Under Rule 194 of the Texas Rules of Civil Procedure, plaintiffs request that each defendant respond to the items (a) through (l).

WHEREFORE, PREMISES CONSIDERED, plaintiffs Frank Placencia and Jennifer Leigh Gardner pray that the defendants be cited to appear and answer herein, that upon final trial hereof, that the plaintiffs have and recover their actual damages, consequential damages, punitive damages and attorneys' fees from and against both defendants, jointly and severally, that plaintiffs be awarded all pre and post judgment interest at the highest lawful rate and that they have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

/s/ R. Tate Young
**R. TATE YOUNG**
**Tate Young Law Firm**
SBN: 22207100
1177 West Loop S, Suite 1600
Houston, Texas 77027
Tel: (713) 626-7112
Fax: (713) 626-7113
Email: tyoung@tateyounglawfirm.com
Counsel for Plaintiffs

Certified Document Number: 68891108 - Page 8 of 8



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 3, 2016

Certified Document Number:      68891108

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**